**IN THE COURT OF APPEALS OF IOWA**

No. 23-0469
Filed May 24, 2023

**IN THE INTEREST OF Z.A.-H., L.A.-H., D.A.-H., and G.A.-O.,**
**Minor Children,**

**J.A., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Perry, District Associate Judge.


　　A mother appeals the termination of her parental rights to four children.
**AFFIRMED.**


　　Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, for appellant mother.

　　Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

　　Marchelle Denker of the Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.


　　Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to four children, born in 2014, 2017, 2018, and 2019. She contends (1) the State failed to prove the grounds for termination cited by the district court and (2) termination was not in the children's best interests.[1]

## I.      *Grounds for Termination*

The district court terminated the mother's parental rights pursuant to three statutory provisions. We may affirm if we find clear and convincing evidence to support any of the grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). On our de novo review, we will focus on Iowa Code section 232.116(1)(f) and (h) (2022). The provisions apply to children of different ages, with both requiring proof the children cannot be returned to parental custody. *See* Iowa Code § 232.116(1)(f)(4), (h)(4).

The State filed a child-in-need-of-assistance petition alleging in part that the parents were using drugs and did not have stable homes. Although the department of health and human services declined to confirm the allegation of the mother's drug use, the department alleged other concerning issues, including post-surgery

---

[1] We have considered a potential jurisdictional issue arising from the mother's multiple inter-state moves and the children's absence from Iowa until shortly before the child-in-need-of-assistance petition was filed. Because the mother appeals the termination order rather than the child-in-need-of-assistance orders and the children were present in Iowa for more than six consecutive months when the termination petition was filed, we conclude the district court had subject matter jurisdiction. *See In re S.W.*, No. 11-0710, 2011 WL 3115841 at *4 (Iowa Ct. App. July 27, 2011) (concluding in an appeal from a termination order that the child "lived in Iowa for more than six consecutive months before" the termination petition was filed and "her home state was Iowa on the date of the commencement of the termination proceedings").

mobility problems that impeded the mother's ability to adequately care for the children. The petition alleged "[j]uvenile court involvement" was "necessary to ensure the safety of the children," who had been voluntarily placed with their paternal grandparents.

Three months after the petition was filed, the mother took the children to her apartment and was found intoxicated while caring for them. The State applied to have them temporarily removed from parental custody. The district court granted the application. The children remained with their paternal grandparents.

At the termination hearing, the mother testified the children could be returned to her care. The record overwhelmingly established otherwise. The mother left Iowa in late 2021 and did not see the children after that point. She moved from state to state, ultimately ending up in Kansas, where she was convicted of felony marijuana possession and distribution. She was placed on probation for three years. At the time of the termination hearing, she remained in Kansas and testified telephonically that she would likely move to California.

The mother was in no position to assume care or custody of the children. As the district court stated:

> [A]ctions speak louder than words. She has stated she wants to be a mom, but in the last several months, it has been this guy, that guy, more criminal charges, alcohol or marijuana, and now she wants to blame [a father] for all her problems. If she really cared, she would have made some sort of effort . . . .

Citing the mother's lack of progress documented in an order filed more than a year earlier, the court continued, "[A]nd there has been absolutely no change . . . . The children would certainly suffer adjudicatory harm if placed with their mother today."

On our de novo review, we conclude the State proved the elements of Iowa Code section 232.116(1)(f) and (h).

## II.    *Best Interests*

Termination must be in the children's best interests.  *Id.* § 232.116(2).  The mother asserts termination was not in their best interests because she and the children "share the natural and everlasting bond between a [m]other and child."  Her argument implicates an exception to termination set forth in section 232.116(3)(c) rather than the best-interest requirement.  The exception is permissive.  *See In re A.B.*, 957 N.W.2d 260, 294 (Iowa 2021).

The mother testified she loved the children and would "always do what [was] best" and would "always make sure that they ha[d] all of their needs met."  The mother's father seconded that opinion, testifying she loved them "[v]ery much."  We have no reason to doubt their sincerity.  But the mother did little to foster a loving bond.  When she was in Iowa, she was afforded the opportunity to visit the children on a daily basis.  She did not avail herself of that opportunity.  Then she left and, as noted, had no interaction with them for over a year.  In the absence of contact, there was a negligible basis for invoking the exception to termination based on the parent-child bond.

We affirm the termination of the mother's parental rights to the children.

**AFFIRMED.**